## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

UNITED STATES OF AMERICA                         CASE NO.  3:21-CR-00153

VERSUS                                            JUDGE TERRY A. DOUGHTY

CHARLIE L. SIMPSON (01)                          MAG. JUDGE KAYLA D. MCCLUSKY
CHARLES D. GARDNER (02)

### <u>MEMORANDUM RULING ON MOTION IN LIMINE</u>

Before the Court is a Motion in Limine [Doc. No. 55] filed by the United States of America ("the Government"), which seeks to exclude allegedly irrelevant trial defenses. Oppositions [Doc. Nos. 63 and 65] were filed by Defendants Charles D. Gardner ("Gardner") and Charlie L. Simpson ("Simpson").  A Reply [Doc. No. 67] was filed by the Government.

For the reasons set forth in this Court's ruling, the Motion in Limine is **GRANTED** to the extent set forth herein.

## I.      BACKGROUND

On June 30, 2021, both Simpson and Gardner were indicted[1] for one count of conspiracy to commit bank fraud[2] and four counts of bank fraud.[3] This case is set for jury trial beginning August 21, 2023.

In its Motion in Limine, the Government asks the Court to exclude allegedly irrelevant defenses that (1) the financial institutions involved knew about, participated in, and benefited from Simpson and Gardner's alleged check-kiting scheme, and (2) that a bank was not defrauded because it converted its fraudulent loss into a loan for repayment.

---

[1] [Doc. No. 1]
[2] 18 U.S.C. § 1349
[3] 18 U.S.C. § 1344(1)

In Opposition, Gardner contends the Government's Motion should be denied as both moot and premature because it relates to argument concerning evidence to be presented at trial.[4] Additionally, Simpson argues in his Opposition that granting the motion would exclude critical evidence concerning the relationship with bank officials and customs relating to bank officials' actions, which are relevant to whether Simpson and Gardner had the intent to defraud.[5] Simpson also maintains exclusion of this evidence would deprive him of a fair trial.

In its Reply, the Government argues it is not trying to prevent Simpson and Gardner from discussing the bank employee's actions in dealing with the Defendants, but is seeking to prevent the Defendants from introducing evidence or arguing: (1) that the bank(s) knew that the Defendants were operating a check-kiting scheme; (2) that the bank was a willing participant in the scheme; or (3) that the bank received a financial benefit from the scheme.[6]

## II.    LAW AND ANALYSIS

The Government's Motion in Limine is based on relevance grounds.

Federal Rule of Evidence 401 states:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Further, Federal Rule of Evidence 403 states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

---

[4] [Doc. No. 63]
[5] [Doc. No. 65]
[6] [Doc. No. 67]

A.      **Conversion of Loss into a Loan**

The Government asks the Court to prohibit argument or evidence that the bank was not defrauded because it converted its fraudulent loss into a loan for repayment. The Government alleges a check-kiting scheme by Gardner and Simpson between accounts at Origin Bank, Louisiana National Bank, and, later, Peoples Bank. The Government alleges that Origin Bank was left with insufficient funds as a result of Gardner and Simpson's actions. This allegedly resulted in the owner of the companies,[7] John D. Jones ("Jones"), entering into a workout agreement whereby Origin Bank classified the loss as a loan and permitted the companies to make repayment. Jones was not indicted for any of these alleged actions.

This Court agrees with the Government that evidence that Origin Bank converted the insufficient funds to a loan is irrelevant to whether Simpson and Gardner committed the crimes of conspiracy to commit bank fraud and bank fraud itself. Therefore, evidence and/or argument of these facts will not be admissible at trial as a defense to Simpson or Gardner. Since no evidence has yet been presented, the Court acknowledges that another reason to present this specific evidence could arise at trial. However, prior to any party presenting such evidence, the Court shall be notified so it may rule prior to presentation of such evidence.

B.      **Financial Institutions and/or Employee Participation**

Defendants argue the testimony of the actions and inactions of the financial institutions' employees are relevant to the issue of whether Simpson and Gardner intended to defraud the bank(s). This Court agrees.

However, the Government, in its Reply, contends it is not seeking to prohibit evidence of the bank employees' actions with respect to the Defendants, but is seeking to prevent the

---

[7] United Home Care. Inc. and Trinity Home Health Care, Inc.

Defendants from arguing or introducing evidence (1) that the bank knew the Defendants were operating a check-kiting scheme, (2) that the bank was a willing participant in the scheme, or (3) that the bank received a financial benefit from the scheme. In other words, the Government contends the actions of its employees cannot be a defense to bank fraud charges because the employees are not the bank. This Court agrees.

*U.S. v. Saks*, 964 F.2d 1514 (5th Cir. 1992), involved a bank fraud case in which two of the loan officers actively participated in the fraudulent transaction. The Defendants argued the evidence was insufficient of their specific intent because the loan officers knew of the fraudulent transactions and therefore, the bank was a participant. In refuting the Defendant's argument, the Fifth Circuit stated:

> "We are not persuaded. It is the financial institution itself - not its officers or agents - that is the victim of the fraud the statute proscribes."

*Id.* at 1518. Therefore, the Defendants will be allowed to present evidence and argue as to the actions or inactions of the bank employees affecting the Defendants' intent to commit fraud. However, the Defendants will be prohibited from arguing or presenting evidence that the victim bank, through the actions of its employees, knew the Defendants were operating a check-kiting scheme or that the bank was a willing participant in the alleged bank fraud.

## III.    CONCLUSION

For the reasons set forth in this Court's ruling,

**IT IS ORDERED** that the Motion in Limine [Doc. No. 55] filed by the Government is **GRANTED** to the extent set forth above.

Monroe, Louisiana, this 26th day of June 2023.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**