UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00153** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHARLIE L. SIMPSON (01)**<br>**CHARLES D. GARDNER (02)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING ON DAUBERT CHALLENGES**

Before this Court is a Daubert Motion Challenging Testimony and Opinions of Carl Richard [Doc. No. 108] filed by Defendant Charlie Simpson ("Simpson"), and adopted by Charles D. Gardner ("Gardner"), and a Supplemental Daubert Motion [Doc. No. 146] filed by Gardner ("Collectively "Daubert Motions"). An Omnibus Opposition [Doc. No. 147] was filed by the United States of America (the "Government") and a Reply [Doc. No. 165] was filed by Simpson.

For the reasons set forth herein, the Daubert Motions are **GRANTED IN PART and DENIED IN PART.**

**I.    BACKGROUND**

Simpson and Gardner are each charged in a five-count indictment for Conspiracy to Commit Bank Fraud, and Bank Fraud.[1] Trial in this matter is set to begin on September 25, 2023.

In the Daubert Motions, Simpson and Gardner seek to limit the testimony of the Government expert witness Carl A. Richard ("Richard"), who will be tendered as an expert in accounting and fraud examination. Simpson and Gardner maintain: (1) Richard is not qualified to render the opinions; (2) Richard does not use a reliable methodology; (3) Richard's opinions

---

[1] [Doc. No. 1]

invade the province of the judge and jury; and (4) Richard should not be allowed to testify as fact witness, expert, and summary witness.

## II. LAW AND ANALYSIS

### A. Law

**Federal Rule of Evidence 702 states:**

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

**FRE 702 applies** to criminal cases.[2] The Government has the burden of showing the testimony is reliable. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). The district court conducts a preliminary assessment of whether the reasoning and methodology underlying the testimony is successfully valid and whether that reasoning or methodology properly can be applied to the facts in issue. *United States v. Norris*, 217 F.3d 262, 269 (5th Cir. 2000). This "gatekeeping" obligation on the part of the district court applies to all types of expert testimony. *Id.*

### B. Analysis

#### 1. Richard Qualifications

The Government gave Notice of intent to call Richard as an expert witness in the field of accounting and fraud examination on May 8, 2023.[3] Simpson and Gardner argue Richard is not qualified to testify because he is not a Certified Public Accountant, he has only testified as an

---

[2] FRE 1101(b)
[3] [Doc. No. 60]

2

expert in one case, he is not an expert on company expenses and compensation, and that he works for the U.S. Department of Justice ("DOJ").

A review of Richard's resume shows he is qualified to render opinions in this case. Richard received a Bachelor of Science degree in accounting from San Diego State University on May 26, 2001. In 2004, Richard became a Certified Fraud Examiner. On December 8, 2020, Richard received a Master of Business Administration degree in finance from University of Louisiana at Lafayette.

Richard has practiced for almost twenty years as a fraud examiner and forensic accountant, participating in several white-collar crime investigations. Richard worked as an auditor between 2001 and 2007 for the Audits and Investigations Division of the California Department of Health Services. There he performed financial audits of Medicare and Medicaid recipients.

Between 2007 and 2014, Richard worked as an investigative auditor for the State of California's Department of Justice in its Special Crimes Unit, where he monitored, conducted, and trained other forensic auditors on accounting practices and investigating financial crimes. Richard participated in dozens of investigations into a number of types of fraud schemes.

Since 2016, Richard worked as a forensic auditor for the United States Attorney's Office for the Western District of Louisiana. He participated in more than forty investigations that involved reconstruction and summary of financial data. The investigations Richard participated in involved money laundering, embezzlement, wire fraud, mail fraud, and bank fraud. Richard has also extensively used electronic software (BankScan) to reconstruct financial transactions. Richard has been trained in EnCase Computer Forensics I and II and been qualified as an expert witness in the Eastern District of Louisiana.

This Court finds Richard is qualified to testify as an expert in forensic accounting and fraud examination. This Court further finds Richard qualified to render the opinions set forth in his expert report. This portion of the Daubert Motion is **DENIED.**

2. **Methodology**

Simpson and Gardner argue that Richard's methodology is not reliable because the report does not explain the methodology used, and Richard relied on the works of others under his supervision, which violate Simpson and Gardner's right of confrontation.

The Government argues Richard used the reliable methodology of "cash basis accounting" to reach his conclusions. Cash basis accounting recognizes revenue where cash is received and expenses when they are paid.[4] Richard used cash basis accounting techniques when he reconstructed accounts at Origin Bank and First National Bank. Richard used software called BankScan, which converts all transactions within each bank statement into a Microsoft Excel spreadsheet. Richard then reconciled the transactions, on each spreadsheet with the bank statement itself. Richard then classified each transaction based upon objective criteria and traced the movement of funds between related accounts at different banks. Richard then classified the transactions. Richard further supervised the work on any other persons (FBI employees) who assisted.

This Court finds Richard used a reliable methodology in determining his opinions in this case. This portion of the Daubert Motions is **DENIED**.

3. **Province of Jury and Judge**

Simpson and Gardner argue that Richard's opinions invade the province of the jury by giving an opinion that Simpson and Gardner "engaged in check-kiting" or "engaged in a check-

---

[4] [Doc. No. 147, p. 6]

kiting scheme." Further, Simpson and Gardner maintain this would also be an impermissible legal conclusion and therefore, invade the province of the judge.

The Government maintains that Richard will not testify about matters that invade the province of the judge or jury, but argues it is permissible for Richard to testify that Simpson and Gardner were "engaged in check-kiting."

Fed. R. Evid. 704(b) provides that an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged. One of the elements of bank fraud is that the defendant "knowingly executed a scheme or artifice."[5] Since proving a "scheme or fraud" is an element of the offense, this Court will prohibit Richard from testifying that it is his opinion that Simpson or Gardner "engaged in check-kiting." Richard can testify as to what check-kiting is, what to look for, etc., but may not give his opinion that Simpson or Gardner engaged in check-kiting, because that is for the jury to determine.

Simpson and Gardner also argue Richard cannot testify to his opinion as to Simpson or Gardner's intent to defraud. It does not appear that the Government intends to elicit that testimony, but to be sure, this Court agrees. Since "intent to defraud" is also an element of the offense, Richard will be prohibited from giving his opinion on whether Simpson or Gardner had the intent to defraud. That is also for the jury to decide.

Therefore, the Daubert Motions, are **GRANTED IN PART and DENIED IN PART** with respect to this portion of the Motions in Limine.

---

[5] 18 U.S.C. 1344(1)

### 4. Use of Charts and Exhibits

Simpson and Gardner argue Richard should not be allowed to use summary charts. That issue has been previously decided.[6] Richard will be able to use summary exhibits for the reasons set forth. Additionally, Simpson and Gardner argue Richard should not be allowed to be a "Swiss army knife" witness who will be a fact witness, summary witness, and expert witness. This Court is not aware of any prohibition on a qualified witness body to testify in different capacities. This case involves thousands of documents and numerous transactions. The witness examining the bank records should also be the witness preparing the summary documents. The expert testifying as an expert witness should be the one that examined the records and testify to the facts. Due to the nature of the offenses charged, there is no prejudice in Richard testifying to facts, summary charts and expert testimony.

This portion of the Daubert Motions is **DENIED.**

### III. CONCLUSION

For the reasons stated in the Memorandum Ruling,

**IT IS ORDERED** that the Daubert Motion Challenging Testimony and Opinions of Carl Richard [Doc. No. 108] and the Supplemental Daubert Motion [Doc. No. 146] is **GRANTED IN PART and DENIED IN PART**, as set forth herein.

**MONROE, LOUISIANA**, this 28th day of August 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[6] [Doc. No. 155]