UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:21-CR-00153 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| CHARLIE L. SIMPSON (01)<br>CHARLES D. GARDNER (02) | MAGISTRATE JUDGE KAYLA D. MCCLUSKY |

MEMORANDUM RULING
(SALARY AND BONUSES MIL)

Pending before the Court is a Motion in Limine to Exclude Argument That Salary and Bonuses Were an Object of the Scheme to Defraud Or That Receipt of Salary Affects Culpability [Doc. No. 197] ("Salary and Bonuses MIL") filed by Defendant Charles D. Gardner ("Gardner"). The Salary and Bonuses MIL was adopted by co-defendant Charlie L. Simpson ("Simpson") [Doc. No. 203]. An Opposition [Doc. No. 218] was filed by the United States of America (the "Government"), and a Reply [Doc. No. 228] was filed by Gardner.

I.  **BACKGROUND**

Simpson and Gardner were indicted for four counts of Bank Fraud and one count of Conspiracy to Commit Bank Fraud.[1] Gardner asks for an order prohibiting the Government from arguing or otherwise suggesting that Gardner's salary and bonuses were an object of the alleged scheme and/or prohibiting the Government from arguing or otherwise suggesting that Gardner's receipt of his salary in any way affects his culpability or innocence for the charged offenses. Gardner argues the Indictment[2] alleges that the object of the charged scheme was to obtain money and credits from Origin Bank, Peoples Bank, and Louisiana National Bank by fraud. The

---

[1] [Doc. No. 1]
[2] [Id]

Government alleges the money and credits obtained were used to cover "business costs and personal spending of company executives," including Simpson, and "payroll expenses, including the salaries of Simpson and Gardner."[3] Gardner argues there can be no fraud with regard to keeping or maintaining Gardner's salary, but only in a scheme whose object is to obtain a new or higher salary. In other words, Gardner argues bank fraud charges do not permit a "maintain your salary" object.

The Government opposes Gardner's motion, arguing that Gardner's salary and bonuses constitute relevant and persuasive evidence of his motive to commit the charged crime. The Government argues Gardner more than tripled his pay in salary and bonuses both from when he started at the company and when compared to his earnings during the prior decade as a practicing certified public accountant. The Government states its theory of fraud is that the Defendants employed a circular check kiting scheme that placed the banks at a financial risk of loss.[4] The Government further states that details about Gardner's salary and bonuses represents motive evidence, not the object of the conspiracy.[5]

In Reply, Gardner argues he only requests an order which precludes the Government from arguing or otherwise suggesting that Gardner's salaries and bonuses were an object of the alleged scheme and from arguing or otherwise suggesting Gardner's receipt of his salary affects in any way his culpability or innocence for the charged offenses.[6] Gardner further suggests that the Government's argument is misleading, inaccurate and prejudicial because the Government's starting point for Gardner's salary was before he started working for United Home Care, not after.

---

[3] [Doc. No. 1 at 4, p.2]
[4] [Doc. No. 218, p. 3]
[5] [Id]
[6] [Doc. No. 228, p. 1]

2

**II.     LAW AND ANALYSIS**

The federal wire and mail fraud statutes criminalize only schemes to deprive people of traditional property interests. *Ciminelli v. United States*, 598 U.S. 306, 309 (2023). The Government must prove not only that the wire fraud defendants "engaged in deception," but also that money or property was "an object of their fraud." *Kelly v. United States*, 140 U.S. 1565, 1571 (2020).

Salaries and other financial employment benefits are both forms of money within the scope of the bank fraud statute. If obtaining a new job or a higher salary is the object of a fraudulent scheme against a bank, then the deprivation of that salary can in some circumstances support a bank fraud conviction. A bank employee's scheme whose object is to deceive the bank while continuing to draw an existing salary cannot support a bank fraud conviction. *United States v. Yates*, 16 F.4th 256, 266 (9th Cir. 2021).

The Indictment alleges that beginning on a date unknown, but not later than April 2016, and continuing until March 10, 2017, Simpson and Gardner did knowingly and intentionally conspire to execute a scheme to defraud Origin Bank, People's Bank, and Louisiana National Bank. The object of the conspiracy was alleged to be to fraudulently obtain money and credits from Origin Bank, People's Bank, and Louisiana National Bank. The Indictment alleged a check kiting scheme used to artificially inflate balances at the banks, which were used to cover business costs and personal spending of company executives, including Simpson, and payroll expenses, including the salaries of Simpson and Gardner.[7]

---

[7] [Doc. No. 1, pp. 30-4 (Count 1)]

The Indictment further alleges fraud against Origin Bank by obtaining four checks for certified funds totaling $2,100,000.00.[8]

Under the applicable law, the object of the fraud cannot be to deceive the bank while continuing to draw an existing salary. The object of the fraud may be to get a higher salary. Therefore, to be allowed to argue that the object of the fraud was Gardner's salary, the Government must show the object of the fraud was for Gardner to receive a higher salary, not to keep an existing salary. This Court finds that a comparison of Gardner's previous salaries with different employees is sufficient. The Government must show the object of the fraud was for Gardner to receive a higher salary than the one he was receiving at the time of the conspiracy and/or fraud.

Although the Government states it only attempts to argue Gardner's motive, it still must show the object of the fraud was to receive a higher salary in order to do so. Whether it can do so will have to be determined at trial. This Court does not have the information to make that determination at this time.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Gardner's Salary and Bonuses MIL is **GRANTED**, requiring the Government to prove the object of Gardner's fraud was to receive a higher salary prior to arguing Gardner's salary was the object of the fraud.

MONROE, LOUISIANA, this 25TH day of September 2023.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[8] [Id, pp. 6-7, (Counts 2-5)]