UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00153** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHARLIE L. SIMPSON (01)** | **MAGISTRATE JUDGE KAYLA** |
| **CHARLES D. GARDNER (02)** | **D. MCCLUSKY** |

**MEMORANDUM ORDER**

On September 26, 2023, [Doc. No. 247] this Court ordered the Government to provide complete copies of the 26 FBI 302s described in Defendant Charlie L. Simpson's ("Simpson") Motion to Compel the Government for Production of Jencks Act Material, or Alternatively for an In Camera Review ("Motion to Compel") [Doc. No. 186].[1]

The 26 FBI 302s in question were submitted in a sealed filing on October 11, 2023 [Doc. No. 258]. This ruling will address whether the 26 FBI 302s are required to be produced to Simpson or Charles D. Gardner ("Gardner") pursuant to the Jencks Act, *Brady v. Maryland*, or *United States v. Giglio*.

**I.   BACKGROUND**

Simpson and Gardner were indicted for four counts of Bank Fraud and one count of Conspiracy to Commit Bank Fraud.[2] In the Motion to Compel, Simpson and Gardner request production of 26 FBI 302s and interview notes written by FBI Agent Timothy Stephens ("Stephens") during his investigation. Simpson and Gardner maintain the Government is required to produce the material pursuant to the Jencks Act and *Brady v. Maryland,* and *United States v. Giglio*.

---

[1] Adopted by Gardner [Doc. No. 188]
[2] [Doc. Nos. 1, 2]

## II. LAW AND ANALYSIS

At issue is whether the contents and/or copies of 26 FBI 302s should be disclosed to Simpson and Gardner. In addition to the Jencks Act, Simpson and Gardner also maintain the 302s should be disclosed as exculpatory information pursuant to *Brady v. Maryland* and *Giglio v. United States.*

### A. Jencks Act

The Government maintains that none of the 26 302s are Jencks materials because FBI SA Timothy Stephens ("Stephens"), who authored the 302s, will not be testifying about this subject matter at trial. Additionally, the Government maintains the FBI 302s are not Jencks material as to the interviewees because the statements are not a substantially verbatim account, but rather they are Stephens' impressions of the interview.

To be producible pursuant to the Jencks Act and/or Fed. R. Crim. Pro 26.2 a statement must have three general characteristics:

1. It must be a memorialized statement of a testifying witness;
2. It must relate to the subject matter of the witness's testimony; and
3. It must be in the possession of the United States.

18 USC 3500; *United States v. Welch*, 810 F.2d 485, 489 (5th Cir. 1987).

#### i. Agent Stephens

The Government argues that Stephens will not testify at trial to the substance of the witnesses' testimony[3] and therefore the 302s do not relate to the subject matter of Stephens' testimony., which makes the materials not entitled to production at trial. This Court agrees. A

---

[3] [Doc. No. 207, p. 4]

defendant is not entitled to statements when they do not relate to the subject matter to which the witness has testified to on direct examination, even though they relate to the subject matter of the indictment, information, or investigation. *United States v. Butenko* 384 F.2d 554, 567 (3d Cir. 1967), vacated on other grounds, 394 U.S. 165 (1969).

Because Stephens is not going to testify to the content of the testimony of the persons interviewed on direct examination at trial, the 302s are not Jencks Act material, and are not required to be disclosed.

### ii. The Interviewee

A law enforcement officer's report of an interview with a witness is not a prior statement of that witness, unless the report is a substantially verbatim statement by the witness, or was otherwise adopted by the witness. *United States v. Severson*, 49 F.3d 268, 271-72 (7th Cir. 1995). Therefore, an agent's summary of an interview is not Jencks as to the interviewee. *United States v. Judon*, 581 F.2d 553, 555 (5th Cir. 1978).

After an in-camera review and inspection of all 26 302s, none of the 302s are a substantially verbatim statement by the witness or were otherwise adopted by the witness. The portion of Defendants' motion seeking copies of the 26 302s pursuant to the Jencks Act is **DENIED.**

### B. *Brady* and *Giglio*

*Brady v. Maryland*, 397 U.S. 742 (1970) and *Giglio v. United States*, 405 U.S. 150 (1972), require that the presentation must disclose exculpatory evidence that is favorable to the accused, including evidence that would impeach the credibility of the Government's witness. As already found by this Court,[4] Simpson and Gardner do not dispute that they have been allowed to examine

---

[4] [Doc. No. 247, pp. 2-3]

the 26 302s. Additionally, the Court has ruled that there is no requirement the disclosure be in copy form. Because the 26 302s have been provided to Simpson and Gardner to review, this information has been "disclosed" pursuant to *Brady* and *Giglio*. Therefore, this portion of Defendants Motion is **DENIED** as moot.

### III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Simpson and Gardner's Motion to Compel copies of the 26 302s [Doc. No. 186] is **DENIED.**

**MONROE, LOUISIANA**, this 27th day of November 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

4