UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA

VERSUS

CHARLIE L. SIMPSON (01)
CHARLES D. GARDNER (02)

CASE NO. 3:21-CR-00153

JUDGE TERRY A. DOUGHTY

MAGISTRATE JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Pending before the Court are Motions for Reconsideration [Doc. Nos. 274, 276] filed by Defendants Charles D. Gardner ("Gardner") and Charlie L. Simpson ("Simpson") collectively ("Defendants"). The Motions are asking this Court to reconsider its December 7, 2023, ruling [Doc. No. 271], which excluded evidence that four cashier's checks issued by Origin Bank and deposited with First National Bank were not endorsed, were returned for endorsement, and were resubmitted after being endorsed.

An Opposition [Doc. No. 278] was filed by the Government, and Replies [Doc. Nos. 279 and 280] were filed by Gardner and Simpson.

For the reasons set forth herein, the Motions for Reconsideration are **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

Simpson and Gardner were indicted for four counts of Bank Fraud and one count of Conspiracy to Commit Bank Fraud.[1] The case is set for trial on April 8, 2024. Simpson and Gardner move the Court to reconsider its December 7, 2023, ruling[2] excluding evidence that four cashier's

---

[1] [Doc. No. 1]
[2] [Doc. No. 271]

checks (issued by Origin Bank and deposited with First National Bank) were initially not endorsed, were returned for endorsement, and were resubmitted after being endorsed.

Simpson and Gardner argue that the ruling restricts their ability to present a defense as to their intent to defraud, that a stop payment order could have been issued by Origin Bank, and that the ruling made findings of fact which invades the province of the jury.

## II.     LAW AND ANALYSIS

### A.     Motion for Reconsideration

Although motions for reconsideration in criminal actions are not explicitly authorized in the Federal Rules of Criminal Procedure, the Fifth Circuit has recognized motions for reconsiderations as a legitimate procedural device. *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003). A motion for reconsideration filed within twenty-eight days of the District Court judgment being challenged is characterized as a motion to alter or amend the judgment and construed pursuant to FED. R. CIV. P. Rule 59(e). *Nucor Steel La., LLC v. HDI Globe Ins. Co.*, 2022 WL 4127161 at 1 (E.D. La. Aug. 9, 2022).

A motion for reconsideration in a criminal case has a narrow purpose and allows the Court to remedy only manifest errors of law or fact and to present newly discovered evidence. *United States v. Poimbeauf*, 2019 WL 5550068 at 1 (W.D. La. 10/20/2019). Simpson and Gardner are alleging the prior ruling contains "manifest errors of law."

### B.     Intent to Defraud

One error that needs correcting is in reference to the definition of "intent to defraud" in this Court's previous ruling.[3] This Court previously cited Pattern Crim. Jury Inst. 5th Cir. 2.58A

---

[3] [Doc. No. 271, p.4]

2

(2019), which defined "intent to defraud." This instruction was modified by the 5th Cir. In *United States v. Greenlaw*, 84 F.4th 325, 350 (5th Cir. 2023). The current definition of "intent to defraud" should read:

> To act with "intent to defraud" means to do something with the specific intent to deceive **and** cheat someone, ordinarily for personal gain or to cause financial loss to someone else. However, a "scheme to defraud" demands, neither a showing of financial loss nor a showing of intent to cause financial loss.

### C.     Is a Cashier's Check a Negotiable Instrument?

This Court previously found that the four cashier's checks at issue, which were not endorsed, were cash equivalents and that Origin Bank was prohibited from issuing stop payment orders. *First Financial L.S.L.A.* v. *First American Bank and Trust Co*., 489 So. 2d 388, 390 (La. App. 5th Cir. 1986);  La. R.S. 10:4-303(1)(a).

Simpson and Gardner have pointed out other Louisiana cases[4] that held otherwise. Although there is a split among the Louisiana Circuits on this issue, an *Erie* guess is not necessary because, as further discussed herein, the admission of the disputed evidence depends upon whether the evidence is relevant to the issue of fraudulent intent.

### D.     Right to Present a Defense

Simpson and Gardner's primary argument is that introduction of evidence of the lack of endorsement of the cashier's checks is necessary to the Defendants' defense that they did not "intend to defraud" the banks. In *U.S. v. Foshee*, 606 F.2d 111 (5th Cir. 1979), the Court discussed what evidence is allowed to be admitted in a case of mail fraud that is relevant to "fraudulent

---

[4] *Succession of Walker*, 533 So.2d 70 (La. App. 3d Cir. 1988); and *API Supply Co., Inc. v. Premier Bank*, 593 So.2d 660 (La. App. 1st Cir. 1991).

intent." In the initial appeal,[5] the Fifth Circuit reversed the conviction because the trial judge did

not allow the defense to argue that lack of intent to defraud could be inferred from payment of the

kited checks. At the second trial, the prosecution introduced evidence that the loans (loans were

made to the defendants by the victim bank) were unpaid by defendants at the time of trial.

      The conviction was upheld by the 5th Circuit after the second trial, finding evidence that

the defendants had not paid back the loan was not irrelevant or prejudicial to the defendants. The

Court stated:

> The difficulty in proving specific intent to defraud in mail fraud cases has resulted in a "liberal policy as to the admission of evidence tending to prove good or \*113 bad faith." *United States v. Diamond*, 430 F.2d 688, 692 (5th Cir. 1970); See, *United States v. Foshee*, 578 F.2d at 632. This policy is broad enough to permit testimony showing that all of the questioned drafts were paid off and that none of the banks suffered a loss from the check kiting operation. 569 F.2d at 403. The policy extends equally far in the other direction to permit the government to introduce any evidence remotely bearing on the question of fraudulent intent. *United States v. Brandt*, 196 F.2d 653 (2nd Cir. 1952). This includes evidence that loss was sustained as a result of the scheme. *United States v. Foshee*, 578 F.2d at 633; *United States v. Regent Office Supply Co., Inc.*, 421 F.2d 1174 (2nd Cir. 1970). Fraudulent intent is supported by "proof that Someone was actually victimized by the fraud." Id, at 1181 (emphasis added). In mail fraud cases, evidence is not limited to proof of losses to intended victims. We hold that evidence of failure to repay loans obtained in order to cover kited checks is admissible to show the defendants; intent to defraud at the time the checks are kited. Accordingly, we find no error on this point.

606 F.2d at 112-113.

      This "liberal policy" as to the admission of evidence tending to prove good or bad faith

allows both the Government and Defendants to introduce any evidence remotely bearing on the

question of fraudulent intent. Simpson and Gardner argue that allowing the jury to see that the

---

[5] 569 F.2d 401 (5th Cir. 1978)

cashier's checks were returned for endorsement would show they did not intend to defraud the banks because the complete story of what happened to the checks is relevant to that intent. The Government argues what happened to the cashier's checks after they were deposited with First National Bank is not relevant to Simpson and Gardner's intent to defraud. The Government argues due to the check kiting, there was not enough money in the Origin Bank account to cover the cashier's checks and that either First National Bank or Origin Bank was going to be left with a loss.

This Court also has trouble seeing the relevance of what happened with the cashier's checks after they were deposited with First National Bank as it relates to Simpson and Gardner's intent to defraud. The only way this evidence can be relevant is if it somehow relates to Simpson and Gardner's intent to defraud. However, due to the liberal policy of admitting evidence even remotely bearing on the question of fraudulent intent requires this Court to decide this issue during the trial, where a better determination of relevance can be made. Therefore, this Court's prior ruling [Doc. No. 271] is **VACATED**.

In order for admission of this evidence at trial, Simpson and Gardner must show the evidence is somehow relevant to the question of whether they had fraudulent intent. To be clear, this present ruling does not allow automatic admission of this evidence. This ruling simply states the evidence may be admitted if relevant to fraudulent intent.

## III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Simpson and Gardner's Motions for Reconsideration [Doc. Nos. 274, 276] are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that this Court's previous ruling [Doc. No. 271] is **VACATED.**

**IT IS FURTHER ORDERED** that for the evidence at issue to be admitted at trial,

Simpson and Gardner must show relevance to the issue of fraudulent intent.

MONROE, LOUISIANA this 2nd day of February 2024.

 

**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**

6