UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00153-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHARLIE L SIMPSON (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion in Limine to Exclude Certain Matters from Trial [Doc. No. 307] filed by Defendant Charlie Simpson ("Simpson"). Simpson moves the Court to exclude at trial the following matters: testimony from bank employees that there was "check-kiting" or indicia of "check-kiting"; evidence that United Home Care, Inc. and Trinity Home Health Care, Inc. were defrauded by Simpson; evidence regarding compensation from the United Home Care, Inc. and Trinity Home Health Care, Inc. to Simpson; and evidence that Alleon Capital Partners, LLC was defrauded by Simpson.

In response [Doc. No. 311], the Government argues that Simpson's Motion should be denied as untimely. On September 27, 2023, Magistrate Judge McClusky conducted a status conference with the parties in this matter. During the conference, Magistrate Judge McClusky set a deadline for filing motions of any kind for January 16, 2024, with a response date of February 16, 2024, and no reply briefs allowed. She further instructed the parties that if they wished to file any other motion beyond that date, then they must seek leave from the Court to file it.

It is clear here that this Motion is untimely, and Simpson did not seek the requisite leave to file the Motion. Nevertheless, the Court will consider the Motion.

## I. BACKGROUND

Simpson and Gardner were indicted for four counts of Bank Fraud and one count of Conspiracy to Commit Bank Fraud.[1] This trial is set for April 8, 2024.

## II. LAW AND ANALYSIS

### A. Federal Rules of Evidence 401, 402, and 403

Evidence is relevant if it "has a tendency to make a fact more or less probable than it would be without the evidence;" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible, and relevant evidence is admissible, unless provided otherwise by the United States Constitution, a federal statute, the rules of evidence, or other rules prescribed by the Supreme Court of the United States. Fed. R. Evid. 402.

The court may exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As virtually all evidence is prejudicial—or otherwise it would not be material, "unfair prejudice" is not to be equated with testimony simply adverse to the opposing party—the prejudice must be unfair. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613 (5th Cir. 1977). Further, the trial court's discretion to admit or exclude evidence is generally broad, but competent evidence cannot be excluded without a sound and acceptable reason. *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334 (5th Cir.), *decision clarified on denial of reh'g*, 620 F.2d 464 (5th Cir. 1980).

Because the claims of check-kiting are relevant to the elements of the offense of the crime that Simpson was charged with in the Indictment, the portion of his Motion requesting to exclude

---

[1] [Doc. No. 1]

2

the testimony from bank employees that there was "check-kiting" or indicia of "check-kiting" is **DENIED**.

Simpson next moves to exclude evidence that the Companies[2] were defrauded by Simpson. Simpson argues that the Government has not provided notice that they intend to illicit evidence that the Companies were defrauded pursuant to Fed. R. Evid. 404(b). He also argues that the Companies were not victims under the bank fraud statute. Further, he asserts that any evidence that he defrauded the Companies is not relevant to motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, and the probative value would be much less than its potential to unfairly prejudice the jury.

The Court does not agree with Simpson's arguments and finds that evidence that Simpson defrauded the Companies is relevant to motive, opportunity, intent, preparation, plan, knowledge, and identity to the charge in the indictment. The Court further finds that the probative value is not outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Therefore, this portion of Simpson's Motion is **DENIED**.

Next, Simpson moves to exclude evidence regarding compensation from the Companies to Simpson. He argues that the Court has previously ruled that the Government will be required to prove that the object of the alleged fraud was to receive a higher salary prior to arguing that his salary was an object of the alleged fraud. Because of this, Simpson argues that other evidence regarding compensation from the Companies to him should be excluded. He asserts that any probative value of evidence concerning salaries and/or compensation would be outweighed by

---

[2] The Companies are United Home Care, Inc. and Trinity Home Health Care, Inc.

unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time pursuant to FRE 403.

As stated above, virtually all evidence is prejudicial—or otherwise it would not be material, "unfair prejudice" is not to be equated with testimony simply adverse to the opposing party—the prejudice must be unfair. The Court finds that the probative value of the evidence Simpson seeks to exclude here is not outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. Simply because the Court's ruled that the Government shall be required to prove that the object of the alleged fraud was to receive a higher salary prior to arguing that his salary was an object of the alleged fraud, this does not entitle Simpson to exclusion of any evidence of salaries and/or compensation. Accordingly, this portion of Simpson's Motion is **DENIED**.

Finally, Simpson moves to exclude any evidence that Alleon Capital Partners, LLC was defrauded by Simpson. For the same reasons that the Court denied Simpson's Motion to exclude evidence that the Companies were defrauded by Simpson, the Court **DENIES** this portion of Simpson's Motion.

### III.   CONCLUSION

For the reasons assigned herein,

**IT IS ORDERED** that Simpson's Motion in Limine to Exclude Certain Matters from Trial [Doc. No. 307] is **DENIED** on procedural grounds, as it was filed untimely and without leave of court, and on substantive grounds, as he has not shown how the probative value of the evidence he requests to exclude substantially outweighs one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

5

MONROE, LOUISIANA, this 2nd day of April 2024.

_____
Terry A. Doughty
United States District Judge

MONROE, LOUISIANA, this 2nd day of April 2024.

_____
Terry A. Doughty
United States District Judge