UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:21-CR-00153-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CHARLIE SIMPSON (01)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Bail Pending Appeal [Doc. No. 456] filed by Defendant Charlie Simpson ("Defendant"). The United States of America (the "Government") filed a Response [Doc. No. 461]. Defendant filed a reply [Doc. No. 462].

For the reasons stated below, Defendant's Motion is **DENIED**.

### I.    FACTS AND PROCEDURAL HISTORY

A jury, on April 23, 2024, convicted Defendant on one count of conspiracy to commit bank fraud and four counts of bank fraud.[1] On October 2, 2025, Defendant was sentenced to one hundred and twenty months (120) for counts 1–5 to run concurrently.[2] Defendant was given a report date of November 17, 2025.[3] On December 23, 2024, Defendant filed a motion for judgment of acquittal.[4] The Court denied the motion.[5]

---

[1] [Doc. No. 363].
[2] [Doc. No. 434].
[3] [Id.].
[4] [Doc. No. 400].
[5] [Doc. No. 412].

On October 7, 2025, Defendant filed a timely notice of appeal, and a month later, on November 7, 2025, filed the pending Motion.[6]

The issues have been briefed, and the Court is prepared to rule.

## II. LAW & ANALYSIS

### A. Standard of Review

A defendant has no constitutional right to bail after his conviction and sentencing. *See United States v. Bright*, 541 F.2d 471, 477 (5th Cir. 1976). The Bail Reform Act of 1984, 18 U.S.C. § 3143(b), establishes a presumption against the grant of such bail. Under § 3143(b)(1), a person who has been sentenced to a term of imprisonment "shall be detained" unless the judicial officer finds that the defendant has shown:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in:
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

The Fifth Circuit has interpreted § 3143(b) to require the defendant to show four factors by clear and convincing evidence: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

---

[6] [Doc. Nos. 441; 456].

(2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera–Elizo*ndo, 761 F.2d 1020, 1025 (5th Cir. 1985) (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)); *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985); *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir.1987) (quoting same).

Defendant contends that the first and second prongs are easily established.[7] The Court agrees. Additionally, Defendant asserts that the third and fourth prongs are established because the issues raised on appeal present a substantial question, rendering it more probable than not that the conviction will be vacated or result in a new trial.[8]

A question is "substantial" if it raises a "substantial doubt (not merely a fair doubt) as to the outcome of its determination." *Valera–Elizondo*, 761 F.2d at 1024. "[I]t is a 'close' question, or one that very well could be decided the other way." *Id.* (internal quotation marks omitted) (quoting *Giancola*, 754 F.2d at 901). Regarding the fourth factor, the Fifth Circuit interprets § 3143(b)(1)(B) to require the defendant to demonstrate that, if the substantial question is resolved in their favor on appeal, the decision would likely lead to a reversal or an order for a new trial on all counts carrying a sentence of imprisonment. *Id.* at 1025 (citations omitted). Defendant states

---

[7] [Doc. No. 456, pp. 3-4].
[8] [Id.].

that the errors which show a substantial question likely favorable to Defendant on appeal are 1) whether the government improperly advanced a "salary theory" to obtain the conviction; 2) whether the Court erred in excluding essential "defense evidence of banking custom/practice and subsequent endorsement/payment" and 3) whether the Court erred in granting the Government's motion in limine excluding evidence that all four disputed checks were ultimately endorsed by Danny Jones and honor by the banks without loss."[9]

First, the presentation of the salary increase theory does not raise a substantial question likely to be decided favorably on appeal. Permitting the Government to present this theory to the jury was appropriate. The Court previously examined the analysis in *United States v. Yates*, 16 F.4th 256 (9th Cir. 2021), and concluded that the salary increases served as evidence of a scheme to defraud the bank—rather than United or Trinity—by obtaining substantial salary increases despite the severe cash flow difficulties faced by those entities.[10] Recently, the Fifth Circuit declined to address in depth the *Yates* "salary maintenance" theory, despite the defendant in *Ryan* arguing that it was fatal to the government's case. *United States v. Ryan*, 156 F.4th 583 (5th Cir. 2025). The Fifth Circuit reasoned that, first, the government in *Ryan* had not advanced that theory, and second, even if it had, there existed a "mountain of evidence" demonstrating that Ryan had made false statements to induce the bank to issue the loans. *Id.* at 594. In *Ryan*, the Second Superseding Indictment alleged that Ryan and his co-defendants conspired to

---

[9] [Doc. No. 461, p. 4].
[10] [Doc. No. 371].

defraud First NBC Bank by misrepresenting the credit risk rating, purpose, and method of repayment of various loans. *Id.* at 589. At trial, the Government alleged that Ryan conspired with others to deceive the bank into issuing loans to insolvent borrowers who then covertly used their proceeds to make payments on their overdue and overdraft loans. *Id.* at 592. A jury returned a verdict, and convicted Ryan of conspiracy to commit bank fraud, bank fraud, and making false entries in bank records. *Id.* at 588. On appeal, Ryan argued that his convictions were based upon the invalid legal theory that he deprived the bank of accurate information ("accurate information theory"), and that an invalid theory that he deprived the bank of amounts it paid him in salary ("salary maintenance theory"). *Id.* at 592. (citing *Ciminelli v. United States*, 598 U.S. 306, 309 (2023) ("[F]ederal fraud statutes criminalize only schemes to deprive people of traditional property interests[.]); (citing *Yates*, 16 F.4th at 256).

Further, Ryan argued that he did not deprive anyone of "traditional property interests" and therefore was not guilty of conspiracy to commit bank fraud and bank fraud. *Id.* at 593. The only benefit to Ryan was stated to be, "[h]ere, the Government's case did not rely on a theory of deprivation of information. Instead, it detailed Ryan's lies to get loans so that he could keep insolvent borrowers flush with cash, clear his subpar monthly reports, and in some instances, benefit monetarily given his business and lending relationships with borrowers." *Id.* at 593.

The Fifth Circuit further discussed the "traditional property interest" and held:

> In sum, the evidence shows that Ryan conspired with others to lie and mislead the Bank's Board, auditors, and

> examiners so that it would issue loan money—a traditional property interest—to insolvent borrowers. Because a rational trier of fact could conclude that Ryan's conduct constituted a scheme to deprive the Bank of loan money, there is sufficient evidence to support his convictions for conspiracy to commit bank fraud and bank fraud.

*Id*. at 594.

Thus, in *Ryan* there was no distinct benefit to Ryan beyond the monetary advantage he derived from his lending relationship with the borrowers. The same is true here. Even if the theory were deemed to have been improperly applied, the Court concludes that it is unlikely the Defendant would obtain relief from the Fifth Circuit. The evidence presented at trial demonstrated that the Defendant made misrepresentations to the bank in order to secure additional funds, such as substantial quarterly bonuses and increased salaries, with knowledge that the check deposits were being kited and that United and Trinity were experiencing significant cash flow difficulties. Therefore, if Ryan's monetary benefit was upheld, certainly Simpson's substantial bonuses and salary increases should also pass this test.

Moreover, Simpson contends that the exclusion of evidence regarding the banks' handling of overdrafts and the fact that the four disputed checks were ultimately endorsed by owner Danny Jones also presents a substantial question. The Court disagrees. Portions of this evidence were admitted at trial; however, even had it been excluded entirely, it is not relevant because it bears no relation to Simpson's actual and clear intent to defraud the banks.

### III.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion [Doc. No. 456] is **DENIED.**

MONROE, LOUISIANA, this 14th day of November, 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE